UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WATZKE,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES WATZKE, et al.,<br><br>        Defendants. | Case No. 22-cv-00049-DMR<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

Plaintiff Nicholas Watzke filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on January 5, 2022. [Docket Nos. 1-2.] On January 11, 2022, Watzke filed an amended complaint ("FAC"). [Docket No. 5.] His initial complaint is largely incomprehensible but alleges that his family kidnapped him or his children in Tennessee and Florida. His FAC apparently alleges that his father Defendant Charles Watzke purchased a movie theater in Palatka (Putnam County), Florida and together with federal law enforcement officials was "setting [Watzke] up." Both the initial complaint and FAC says that the lawsuit arose in Brevard, Perry, and Hancock Counties. In his FAC, Watzke seeks an "order of protection against all agencies like DEA, ATF." He also filed a writ of bodily attachment, which does not appear to be cognizable writ in California. FAC at 9-10; *see also* Docket No. 7. Watzke also filed a number of subpoenas against entities in Ocala, Titusville, Pensacola, and Orlando, Florida, as well as against an entity in St. Louis, Missouri.[1]

Having considered Watzke's papers, the court issues this order to show cause why the case should not be transferred because the case does not appear to be appropriately venued in the Northern District of California. Pursuant to 28 U.S.C. § 1391, a case may be filed in

---

[1] Watzke also filed unknown items with the court but describes them as cannabis and a bullet. [Docket No. 9.] The filing has been forwarded to the U.S. Marshals Service for investigation.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The complaint or FAC do not describe any events taking place in the Northern District of California, nor do they allege that Defendant Charles Watzke or any of the other individuals in his initial complaint are residents of this district. To the contrary, Watzke details an incident that allegedly took place in Palatka, Florida, located in the Middle District of Florida. He also expressly alleges that the lawsuit arose in Brevard County, also located in the Middle District of Florida, and Perry and Hancock Counties. Although the court could not ascertain what events took in Perry and Hancock Counties, which do not appear to be located in Florida, those counties are not within the jurisdiction of the Northern District of California.

Liberally construing the allegations in the FAC and complaint, the court determines that the proper venue for this case is the Middle District of Florida because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). When a plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). Thus, unless Watzke can show legal authority for venue in this district, the court will transfer the case to the Middle District of Florida. Accordingly, Watzke is ordered to file a statement explaining why this case is appropriately venued in the Northern District of California and should not be transferred to the United States District Court for the Middle District of Florida within fourteen days—i.e., by **March 1, 2022**.

//
//
//
//

The court refers Watzke to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: February 15, 2022



Donna M. Ryu
United States Magistrate Judge